UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA DUGGAN, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>TRI-UNION SEAFOODS LLC,<br><br>  Defendant. | Case No. 19-cv-02562-WHO<br><br>**ORDER ON DISCOVERY DISPUTE**<br>Re: Dkt. No. 74 |

Plaintiffs served a Rule 45 subpoena *duces tecum* ("Subpoena") on non-party International Seafood Sustainability Foundation ("ISSF") seeking documents relating to Chicken of the Sea, StarKist, and Bumble Bee's (collectively the "Tuna Companies")[1] dolphin-safe and tuna-sustainability practices that are central to their claims in this case and in related case *Gardner v. StarKist*, No. 3:19-cv-02561-WHO. ISSF is a 501(c)(3) nonprofit foundation that conducts and facilitates science-based initiatives for the long-term conservation and sustainable use of global tuna stocks, reducing bycatch and promoting tuna ecosystem health. One of its objectives is to report the results of independent audits conducted of participating companies measured against Conservation Measures set by the ISSF Board.

ISSF initially objected wholesale to the Subpoena, but after meet-and-confers, plaintiffs and ISSF agreed that ISSF would produce documents relating to "dolphin mortality": "(1) all communications between ISSF and the Tuna Companies for the entirety of the alleged Class Period regarding dolphin mortality, and (2) all documents for the entirety of the alleged Class Period regarding FADs, purse seine nets, and longlines as they relate to dolphin mortality."

---

[1] Bumble Bee is a defendant in *Duggan v. Bumble Bee Foods, LLC*, No. 4:19-cv-02564-JSW, which has not been related to the cases before me. That case is currently under automatic bankruptcy stay.

However, ISSF disputes plaintiffs' other requests for documents on grounds that they are either not relevant, publicly available, or not in its possession.

### A. Sustainability

Plaintiffs seek any documents or communications relating to the Tuna Companies' sustainability practices or lack thereof. ISSF argues that this request is overbroad because it has nothing to do with dolphins; rather, it relates to ancillary references to "sustainability" contained in the Second Amended Complaint ("SAC") in this case. It maintains that the SAC does not assert a single claim related to "sustainability" independent of defendant's alleged use of dolphin-harming fishing techniques and subsequent alleged use of "dolphin-safe" labels. Plaintiffs respond that sustainability is relevant to both cases and limiting ISSF's production to documents that specifically uses some variation of the word "dolphin" will exclude a vast number of relevant documents.

I agree with ISSF that plaintiffs' sustainability allegations are intertwined with their central claim that defendants' tuna products are not "dolphin-safe." Plaintiffs claim that ISSF has all sorts of information on the effects of fishing practices on the marine environment. That may be true, but the relevant information here is the effect of tuna fishing practices on dolphins. In the "Chicken of the Sea's MSC Logo and Sustainable Fishing Practices Misrepresentations" section of their SAC, plaintiffs allege that Chicken of the Sea products include a Marine Stewardship Counsel logo ("MSC logo"), a separate label in which it promises that its products "meet vigorous standards for sustainable fishing practices, like limiting bycatch (unwanted fish), avoid overfishing and protecting marine environment." SAC ¶ 61.[2] But this allegation relates back to the central claim that Chicken of the Sea uses tuna practices that harm or kill some dolphins. *See id.* ¶ 69 ("Because Chicken of the Sea uses longlines, purse seine nets, and FADs, and other well-known dolphin-harming fishing techniques, notwithstanding its MSC certification and ISSF membership, Chicken of the Sea's labeling of its tuna products with the MSC certified sustainability logo and

---

[2] I note that the SAC in *Gardner*, which was the subject of my recent Order Denying StarKist's Motion to Dismiss the Second Amended Complaint, does not include any allegations that mention ISSF or a separate sustainability label, like the MSC logo here. The only label at issue in that case is the dolphin-safe label.

its sustainable fishing practices representations are false, misleading, and/or deceptive.").

Accordingly, I agree with ISSF's proposal that plaintiffs' request for documents relating to sustainability should be narrowed to those that relate to dolphin harm and/or dolphin mortality.

### B. Financial Support, Audits, and Position on Fishing Practices

Plaintiffs seek "(1) documents and communications regarding the audits of the Tuna Companies' fishing vessels, which ISSF pays for and publish their final audit reports; (2) communications with the Tuna Companies concerning FADs, purse seine nets, and longlines; and (3) all financial support from the Tuna Companies to ISSF."

ISSF explains that its detailed IRS filings disclosing financial support from the ISSF participating companies and the audit protocol and full audit reports for every company that participates in ISSF, among many other documents, are publicly available on its website. Plaintiffs do not explain why those public documents are insufficient to meet their requests regarding the auditing of ISSF members, the financial support that ISSF receives, or ISSF's positions on FADs, purse seine nets, and longlines.

To the extent that plaintiffs seek documents underlying the relevant audits, ISSF explains that it does not possess those documents because an independent third party, MRAG Americas, conducts each audit and is solely responsible for interacting with the participating companies and collecting relevant documents from them for the audit, which are not shared with ISSF.

In short, I agree with ISSF. It should produce (1) all communications between ISSF and the Tuna Companies for the entirety of the alleged Class Period regarding dolphin mortality, and (2) all documents for the entirety of the alleged Class Period regarding FADs, purse seine nets, and longlines as they relate to dolphin mortality. Plaintiffs' request to compel additional documents to be produced at this time is DENIED.

**IT IS SO ORDERED.**

Dated: June 4, 2020



William H. Orrick
United States District Judge