BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
PATRICIA N. SYVERSON (CA SBN 203111)
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
Telephone: (619) 798-4593

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ELAINE A. RYAN (*Pro Hac Vice*)
CARRIE A. LALIBERTE (*Pro Hac Vice*)
2325 E. Camelback Rd. Suite 300
Phoenix, AZ 85016
eryan@bffb.com
claliberte@bffb.com
Telephone: (602) 274-1100

*Attorneys for Plaintiffs*
*Additional Attorneys on Signature Page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TARA DUGGAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>TRI-UNION SEAFOODS, LLC,<br><br>　　　　　Defendant. | Case No. 4:19-cv-02562-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: September 8, 2020<br>Time: 2:00 p.m.<br>Place: Ctrm. 2, 17th Floor<br>SAC filed: January 31, 2020<br><br>Hon. William H. Orrick |

# JOINT CASE MANAGEMENT STATEMENT

Pursuant to the Court's Order Granting Schedule (Dkt. No. 65), Supplemental Standing Order for Civil Case Management Conferences, the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-9, Plaintiffs Tara Duggan, et al. ("Plaintiffs") and Defendant Tri-Union Seafoods, LLC dba Chicken of the Sea International, Inc. ("COSI" and collectively with Plaintiffs, the "Parties"), jointly submit this further Case Management Statement.

**1. Jurisdiction and Service**

This Court has original jurisdiction over this putative class action pursuant to 28 U.S.C. §§ 1331 and 1332. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. COSI has been served.

**2. Facts**

**a.  Plaintiffs' Statement**

COSI is a leading seafood company that sells tuna products under its Chicken of the Sea brand. Since 1990, COSI has engaged in a pervasive advertising campaign that expressly promises consumers that its tuna is "Dolphin Safe" and sustainably sourced, including through the use of its own dolphin-safe logo on each and every Chicken of the Sea tuna product it sells. COSI has explained that its "Dolphin Safe" promise means that its products are "100 percent dolphin-safe" and that no dolphins were harmed in the process of catching the tuna in Chicken of the Sea products. These Dolphin Safe and sustainability promises are material to consumers of its tuna products. But these representations are false, misleading, deceptive, and unlawful under various state consumer protection statutes because dolphins are, in fact, killed and/or harmed by the indiscriminate fishing methods used to catch Chicken of the Sea tuna. Thus, consumers have been damaged and COSI has been unjustly enriched because it has profited from its unlawful, unfair, false, misleading, and deceptive practices and advertising at the expense of Plaintiffs and Class members.

**b.  COSI's Statement**

Plaintiffs seek damages and injunctive relief in an effort to penalize COSI for what has been a resounding success story. Prior to the 1990 enactment of the Dolphin Protection Consumer

1

Information Act ("DPCIA"), 16 U.S.C. § 1385, as many as an estimated 700,000 dolphins were killed each year as bycatch by the tuna fishing industry globally. In 2016, NOAA reported that "[i]n recent years, dolphin mortality has declined further to about 1000 animals per year, and for each dolphin stock, the annual bycatch is less than 0.1% of the estimated population size. The reduction of the dolphin bycatch by >99% is a conservation success story."[1]

COSI has been and remains a crucial part of this conservation success story of preserving global dolphin populations. Critical to the DPCIA's resounding success was the leadership of U.S. tuna companies, including COSI, which implemented dolphin safe policies even before the DPCIA was enacted and championed the law's creation. From 1990 to the present, COSI has followed the law's standards, restrictions, and regulations at all times when purchasing and processing dolphin safe tuna, which includes certifications that the fishing vessels did not intentionally set upon dolphins and that no dolphins were killed or seriously injured in the harvesting of the tuna purchased by COSI.

Despite this record, Plaintiffs allege that the fishing methods used to catch tuna purchased by COSI kill and seriously injure dolphins, essentially meaning that COSI does not comply with the DPCIA and has engaged in culpable conduct in breaching its promise of selling canned tuna that is dolphin safe. COSI has passed all NOAA mandated spot check audits for tracking and verification of its compliance with the statutory requirements for dolphin safe tuna every single year. This track record is consistent with COSI's commitment. Further, COSI's website and social media statements do not rise to the alleged level of a pervasive advertising campaign and do not promise consumers anything more than what is reported on the certifications and documentation accompanying the tuna it purchases – that all tuna COSI purchased is caught without targeting dolphins and no dolphins were killed or seriously injured in the harvest of the tuna it purchased. COSI does not purchase any tuna that does not meet this standard and it promises nothing more than that. Through actions and promises, consumers can be confident that tuna COSI purchases is exactly what it is promised to be – certified dolphin safe. COSI has not engaged in the alleged false, misleading, and deceptive

---

[1] *The Tuna-Dolphin Issue*, NOAA, Sept. 2, 2016, https://swfsc.noaa.gov/textblock.aspx?Division=PRD&ParentMenuId=228&id=1408.

practices. To the contrary, it has acted responsibly with integrity. Plaintiffs are not entitled to relief.

**3. Legal Issues**

    a.    **Plaintiffs' Statement**

Plaintiffs allege that COSI's false, misleading, deceptive, unlawful, and unfair representations that its tuna products are "Dolphin Safe" and sustainability sourced constitute unjust enrichment and violate California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*; California's Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.*; Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et. seq.*; New York's General Business Law § 349; New Jersey's Consumer Fraud Act, N.J. Stat. § 65:8-2:10; and Minnesota's Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.67-68, *et. seq.*, §§ 8.31, *et. seq.*, §§ 325D.43, *et. seq.* This case is likely to raise common questions of law and fact, which predominate over questions affecting individual Class members, including, but not limited to:

    i.    Whether COSI's dolphin-safe and sustainability representations are false, misleading, or objectively reasonably likely to deceive;

    ii.    Whether COSI engaged in fishing practices that harmed dolphins;

    iii.    Whether COSI's alleged conduct is unlawful and constitutes violations of the laws asserted;

    iv.    Whether COSI engaged in false, misleading, and/or deceptive advertising;

    v.    Whether the statements made or facts omitted were material;

    vi.    What is the measure and amount of damages suffered by Plaintiffs and Class members, and whether Plaintiffs and the Class are entitled to punitive damages; and

    vii.    Whether Plaintiffs and Class members are entitled to equitable remedies, including disgorgement, restitution, corrective advertising, and injunctive relief.

    b.    **COSI's Statement**

COSI contends that the words Dolphin Safe are lawfully affixed to its tuna product labels pursuant to a comprehensive federal statutory scheme contained in the DPCIA and accompanying regulations. A purpose of the statute is to provide uniform meaning to the term "dolphin safe" for

consumers as well as businesses involved in the exporting, importing, and selling of tuna products in the United States. The federal statute and accompanying regulations include a tracking and verification program with a certification process to ensure to all parties in the supply chain from harvest to retail shelf that the tuna in the product meets the requirements of the legal definition of "dolphin safe" tuna and thus may carry the dolphin safe logo on its label. COSI has complied with the DPCIA statute and regulations and has passed every NOAA spot check audit, conducted annually, over the class period and beyond. "Dolphin Safe" means that, when the tuna COSI purchased was caught, no sets were intentionally deployed on dolphins and no dolphins were killed or seriously injured in the harvesting of the tuna catch. COSI purchases only dolphin safe tuna certified under the specific federal regulations and therefore all tuna COSI sells is legally dolphin safe.

Plaintiffs allege that statements on COSI's website and social media – that are misquoted or parsed to bring them out of context – constitute promises in a pervasive advertising campaign beyond the statutory framework of the DPCIA and are therefore actionable outside of the dolphin safe standards as false and misleading representations. There is no pervasive advertising campaign and COSI promises nothing on its website other than that it sells dolphin safe tuna.

The case is not capable of class certification and is subject to disposition on summary judgment. A number of issues include, but are not limited to, the following:

    i. Whether COSI's use of the Dolphin Safe logo can be enjoined under circumstances where COSI is in compliance with the DPCIA.

    ii. Whether COSI's website and social media contain any false, misleading, or deceptive statements regarding its certified dolphin safe tuna products.

    iii. Whether the claims being alleged by Plaintiffs are preempted by the DPCIA.

    iv. Whether the claims alleged by Plaintiffs are not legally recoverable due to the safe harbor in COSI's compliance with the DPCIA.

    v. Whether any plaintiff suffered any injury.

    vi. Whether a class could ever be certified including whether common issues

predominate over individual inquiries with respect to alleged reliance on statements on COSI's website and social media during the applicable class period.

vii. Whether Plaintiffs can provide a class wide theory of damages consistent with *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013).

**4. Motions**

Presently there are no pending motions.

The Court's scheduling order directs that Plaintiffs' motion for class certification be filed no later than June 4, 2021, with the hearing on that motion to take place November 17, 2021.

In addition to the motion for class certification, the Parties anticipate filing *Daubert* motions challenging each other's class certification and merits experts. COSI anticipates filing a motion for summary judgment of summary adjudication in this case; Plaintiffs may file a motion for summary judgment.

**5. Amendment of Pleadings**

Plaintiffs filed a Second Amended Complaint on January 31, 2020. Dkt. No. 54. Plaintiffs' SAC alleges the same claims as the FAC, aside from the RICO claim, which has been removed by stipulation. No additional amendments are currently anticipated.

**6. Evidence Preservation**

On July 20, 2020, the Court entered the Parties' Stipulated Order on Electronically Stored Information [Dkt. No. 78] setting forth the procedures for the preservation, identification, collection, and production of electronically stored documents relevant to this action. The Parties are operating under the terms established in that Order and will submit any disputes to the Court pursuant to the procedures outlined in the Order, if necessary.

**7. Disclosures**

The Parties exchanged their mandatory disclosures under Rule 26(a) on or about March 2, 2020.

**8. Discovery**

The Parties are actively engaged in discovery. Plaintiffs have propounded interrogatories,

requests for admission, and requests for production on COSI.  Plaintiffs have also issued approximately 10 third-party subpoenas to various entities for the production of documents.  COSI has responded to most of Plaintiffs' written discovery, and is in the process of searching for electronically stored information using an initial set of search terms agreed upon by the Parties.  The Parties also have negotiated, and the Court has entered, a Stipulated Protective Order regarding the production of confidential information [Dkt. No. 69].  Plaintiffs also intend to take the depositions of COSI's 30(b)(6) and percipient witness(es).  COSI anticipates propounding written discovery requests to Plaintiffs and intends to take the depositions of the 16 named plaintiffs, as well as any other fact witnesses who may be revealed in the course of discovery.  The Parties intend to conduct expert discovery, as well.

The Court's Scheduling Order [Dkt. No. 65] instructs the Parties to substantially complete document productions by December 31, 2020, and sets the fact discovery cutoff for March 3, 2021. That Order was entered on March 18, 2020—the day before Governor Newsom issued the statewide stay-at-home order, and before the many other significant restrictions that have been imposed (both in California and in most other states) to address the ongoing coronavirus pandemic.  As the Court is now surely aware, the measures taken by state, county, and local governments to slow the spread of COVID-19 have caused substantial disruptions to all aspects of life in the United States: the Parties and most of their counsel are still operating under mandatory remote working restrictions, and COSI's offices are shut down and inaccessible; schools are still closed in California, requiring parents to oversee distance learning during the working day; and social-distancing and many other constraints presently in place make "normal" business operations impossible.  As a result, the progress of discovery in this case has been slower than the Parties anticipated when they submitted the proposed schedule six months ago.  Moreover, due to recent spikes in COVID-19 infection rates around the country, and the "dimmer switch" approach to restrictions adopted by Governor Newsom, the situation is highly dynamic; predicting how circumstances may change in the coming months is therefore difficult, if not impossible.  Without belaboring the point, the Parties note that there are significant challenges to adhering to the current discovery schedule as a result of the global

coronavirus pandemic.

To be clear, the Parties are working diligently under the current conditions to meet the existing deadlines, and progress is being made. Presently, COSI believes it will be able to begin producing documents, on a rolling basis, within the next month, and it will still endeavor to meet the Court's December 31, 2020, deadline for substantial completion of the document production. But the Parties recognize the need for flexibility in the discovery schedule to account for the difficulties imposed by the current national health emergency. Thus, while the Parties are not presently requesting a modification of the discovery schedule, they wish to alert the Court to the potential need to revisit the schedule in the coming weeks and months should circumstances require.

**9. Class Actions**

The Court's Scheduling Order set for the deadlines associated with Plaintiffs' motion for class certification. The Parties do not presently anticipate that they will request a modification of that schedule. As noted above, however, the disruptions caused by the coronavirus pandemic may necessitate alteration of the schedule.

**10. Related Cases**

This Court has found the instant case related to *Gardner v. StarKist Co.*, Case No. 19-cv-02561-WHO.

**11. Relief**

a. **Plaintiffs' Statement**

Plaintiffs currently seek class certification, declaratory relief, restitution, damages, injunctive relief, punitive damages, and attorneys' fees and costs. Plaintiffs will calculate the alleged aggregate classwide damages upon receipt of necessary discovery from COSI.

b. **COSI's Statement**

COSI seeks defense of this case including: denial of class certification and any summary judgment motion filed by Plaintiffs; granting of COSI's anticipated motion for summary judgment; denial of all damages, including alleged class wide damages and punitive damages; denial of injunctive relief, declaratory relief, restitution, disgorgement, and attorney's fees and costs. COSI

7

seeks any award of attorney's fees and/or costs.

**12. Settlement and ADR**

The Parties have stipulated to private mediation for ADR and have filed a certificate with the Court [Dkt. No. 57]. The Parties agree that any settlement discussions will be more productive after further discovery is completed and the relative strengths and weaknesses in their respective positions are clearer. Thus, the Parties anticipate that any potential private mediation would be scheduled to take place in Spring 2021, at the earliest.

**13. Consent to Magistrate Judge for All Purposes**

The Parties do not consent to having a magistrate judge conduct all further proceedings.

**14. Other References**

The Parties are not aware of any references needed at this time to arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The Parties do not believe there are issues that can be narrowed at this time.

**16. Expedited Trial Procedure**

The Parties do not believe that this is the type of case that could be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17. Scheduling**

The Court's March 18 Scheduling Order adopted the Parties' proposed schedule, with fact discovery to close on March 3, 2021, Plaintiffs' motion for class certification to be filed June 4, 2020, COSI' opposition to class certification to be filed August 20, 2021, Plaintiffs' reply in support of class certification to be filed October 11, 2021, and the hearing on the motion for class certification to take place November 17, 2021. As noted above, the Parties are working diligently to complete discovery so they can adhere to that schedule. But given the ongoing pandemic and associated disruptions to normal business activity, it is possible the Parties may need to request that the schedule be modified.

**18. Trial**

Because the Court has yet to rule on class certification, and because discovery is ongoing, the Parties are unable to anticipate the length of trial with a high degree of certainty. Based on the current state of the case, the Parties continue to anticipate that trial will last a total of 7-10 trial days.

**19. Disclosure of Non-Party Interested Entities or Persons**

    a.    **Plaintiffs' Statement**

Other than the named Plaintiffs, there are no financial interests to report.

    b.    **COSI's Statement**

COSI is wholly owned by Thai Union North America, Inc., which in turn is wholly owned by Thai Union Group PCL.

**20. Professional Conduct**

All attorneys of record for all parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters**

    i.    The Parties consent to service by electronic means with respect to discovery provided that service is made on all counsel of record.

    ii.    The Parties agree that neither privileged documents created after the commencement of this lawsuit nor privileged communications between a party and its counsel (including outside counsel in the case of COSI) concerning the subject matters of the litigation are required to be disclosed on a privilege log.

Dated: September 1, 2020        BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

        /s/*Patricia N. Syverson*
        Patricia N. Syverson (203111)
        600 W. Broadway, Suite 900
        San Diego, California 92101
        psyverson@bffb.com
        Telephone: (619) 798-4593

        BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
        Elaine A. Ryan (*Pro Hac Vice*)
        Carrie A. Laliberte (*Pro Hac Vice*)

|   |   |
|---|---|
| 1 | 2325 E. Camelback Rd., Suite 300 |
| 2 | Phoenix, AZ 85016 |
|   | eryan@bffb.com |
| 3 | claliberte@bffb.com |
|   | Telephone: (602) 274-1100 |

2325 E. Camelback Rd., Suite 300
Phoenix, AZ 85016
eryan@bffb.com
claliberte@bffb.com
Telephone: (602) 274-1100

GOLDMAN SCARLATO & PENNY P.C.
Brian D. Penny (*Pro Hac Vice*)
penny@lawgsp.com
8 Tower Bridge, Suite 1025
161 Washington Street
Conshohocken, Pennsylvania 19428
Telephone: (484) 342-0700

ZAREMBA BROWN PLLC
Brian M. Brown (*Pro Hac Vice*)
bbrown@zarembabrown.com
40 Wall Street, 52nd Floor
New York, NY 10005
Telephone: (212) 380-6700

ROBBINS GELLER RUDMAN & DOWD LLP
Stuart A. Davidson (*Pro Hac Vice*)
Christopher C. Gold (*Pro Hac Vice*)
Bradley M. Beall (*Pro Hac Vice*)
Dorothy P. Antullis (*Pro Hac Vice*)
Ricardo J. Marenco (*Pro Hac Vice*)
sdavidson@rgrdlaw.com
cgold@rgrdlaw.com
bbeall@rgrdlaw.com
dantullis@rgrdlaw.com
rmarenco@rgrdlaw.com
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  (561) 750-3000

Attorneys for Plaintiffs

Dated:  September 1, 2020        PARKS & SOLAR, LLP

By:  /s/*Robert J. Parks*
Robert J. Parks
501 West Broadway, Suite 1540
San Diego, CA  92101
Telephone:  (619) 501 2700
rparks@parksandsolar.com

Attorneys for Defendant, COSI Seafoods, LLC

Dated:  September 1, 2020        VENABLE, LLP

By:  /s/*Angel A. Garganta*
Angel A. Garganta
101 California Street, Suite 3800

10

San Francisco, CA 94111
Telephone: (415) 653.3735
AGarganta@Venable.com

Attorneys for Defendant, COSI Seafoods, LLC

Dated: September 1, 2020            VENABLE, LLP

By: /s/*William M. Sloan*
William M. Sloan
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653.3750
WMSloan@venable.com

Attorneys for Defendant, COSI Seafoods, LLC

**LOCAL RULE 5-1(i)(3) ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing of this Joint Case Management Statement, and have authorized the filing of this Joint Case Management Statement.

Dated: September 1, 2020            By: /s/ *Patricia N. Syverson*
                                    Patricia N. Syverson

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 1, 2020.

*/s/ Patricia N. Syverson*
Patricia N. Syverson
