|    |                              |                                               |
|----|------------------------------|-----------------------------------------------|
| 1  |                              |                                               |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WARREN GARDNER, et al.,          | Case No. 3:19-cv-02561-WHO |
|----------------------------------|----------------------------|
|              Plaintiffs,         | [**PROPOSED**] ORDER REGARDING PLAINTIFF DEPOSITIONS |
|     v.                           |                            |
| STARKIST CO.,                    | Hon. William H. Orrick     |
|              Defendant.          |                            |
| TARA DUGGAN, et al.,             | Case No. 3:19-cv-02562-WHO |
|              Plaintiffs,         |                            |
|     v.                           |                            |
| TRI-UNION SEAFOODS, LLC,         |                            |
|              Defendant.          |                            |

Having considered the Joint Discovery Dispute Statement Regarding Plaintiff Depositions, all relevant briefing, any oral argument by the parties, and good cause shown, it is hereby ORDERED that:

1. **Background.** To the extent feasible, and except for good cause shown, Plaintiffs shall be deposed only once across the Related Actions. If both Defendants in the Related Actions wish to question an adverse or non-party Plaintiff, both Defendants should participate in a single deposition of that Plaintiff.

2. **Notice and Conduct of the Deposition.**

A deposition notice of any Plaintiff from either Defendant shall be considered notice on behalf of both Defendants. Notwithstanding the foregoing, a Defendant may only notice and participate in the deposition of an adverse Plaintiff. For example, StarKist may not notice or participate in the deposition of Plaintiff Tara Duggan. Similarly, COSI may not notice or participate in the deposition of Plaintiff Warren Gardner.

3. **Coordination and Admissibility.** Defendants shall coordinate to avoid duplicative questioning during each Plaintiff deposition. Accordingly, regardless of the Party affiliation of the questioning attorney, the testimony of any Plaintiff shall be admissible in each of the Related Actions to the same extent as if taken in one of the Related Actions exclusively by counsel of record in that action. The Parties reserve all other rights to object to the admission of such testimony in any Action, for example, objections based upon relevance or the rules of evidence.

4. **Duration.** Except by agreement of the Parties or a Court order allowing additional time, the length of the deposition of any Plaintiff shall not exceed seven (7) hours of examination on the record over one day, not including any examination by counsel for Plaintiffs.

5. **Confidentiality.** To the extent that a Plaintiff is examined about a document or subject designated as CONFIDENTIAL pursuant to the Stipulated Protective Order for Standard Litigation in either of the Related Actions (*Gardner* Dkt. No. 96 and *Duggan* Dkt. No. 69; together, the "Protective Orders"), that document and/or the relevant portion of the

deposition transcript:

    a.    may be disclosed to the other Defendant's Outside Counsel of Record (as defined in the Protective Orders) where the designation was made by a Defendant; and

    b.    shall be deemed to be designated as CONFIDENTIAL pursuant to both of the Protective Orders where the designation was made by a Plaintiff.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: July 14, 2021

_____
The Honorable William H. Orrick